```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

UNITED STATES OF AMERICA         :

                                 :    Cr. No. 06-216 (RCL)
      v.
                                 :

DAMIEN J. LEWIS                  :

```
        DEFENDANT'S MOTION TO SUPPRESS STATEMENTS
 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
```

Mr. Damien J. Lewis, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all statements allegedly made by Mr. Lewis. Mr. Lewis requests an evidentiary hearing on this motion. In support of this motion, counsel submits the following.

### Factual Background

Mr. Lewis is charged in a two count indictment with one count of transmitting interstate communications with intent to extort, in violation of 18 U.S.C. § 875(b), and one count of assault, in violation of 22 D.C. Code § 404. The charges arose out of an incident that allegedly occurred on June 21, 2006.

On June 22, 2006, agents of the Federal Bureau of Investigation arrested Mr. Lewis. According to the information provided to undersigned counsel pursuant to Federal Court Rule of Criminal Procedure 16, the government alleges that following his arrest, Mr. Lewis made several statements. No statements were made voluntarily. Any the statements made by Mr. Lewis were made in response to custodial interrogation, and Mr. Lewis did not

make a valid (knowingly and intelligently made) waiver of his Fifth Amendment rights prior to making any statements.

### ARGUMENT

The use of any statements must be suppressed because any such statements were the fruit a violations of Mr. Lewis's Fourth Amendment rights. Wong Sun v. United States, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed). The government agents unlawfully stopped and arrested Mr. Lewis before he made any statements. Probable cause is an essential prerequisite to an arrest. Dunaway v. New York, 442 U.S. 200, 213 (1979). The agents did not have probable cause to arrest Mr. Lewis. The warrantless arrest of Mr. Lewis was therefore unlawful. The alleged statements were the fruits of the Fourth Amendment violation.

The statements also must be suppressed because they were obtained in violation of Mr. Lewis's Fifth Amendment rights. The Supreme Court has held that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the [Fifth Amendment] privilege against self-incrimination is jeopardized." Miranda v. Arizona, 384 U.S. 436, 478 (1966). In order to protect the privilege, the Supreme Court set forth procedural safeguards. The safeguards require that prior to

custodial interrogation an individual must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires."  Id. at 479.

Statements made in response to custodial interrogation may only be used against a defendant if the defendant has been given the Miranda warnings and subsequently makes a knowing and intelligent waiver of these rights.  Id.  The government bears the burden of demonstrating that the Miranda warnings were given and that the defendant has made a knowing and intelligent waiver. Id.

The elements of a Miranda violation are present in this case.  At the time the statements were allegedly obtained from him, Mr. Lewis was in custody and had been arrested, and the statements were made in response to questioning by government agents.  At the time that the statements were made, Mr. Lewis had not made a knowing and intelligent waiver of his Fifth Amendment rights.  The statements were therefore taken in violation of these rights and must be suppressed.

Finally, the statements obtained from Mr. Lewis must be suppressed because they were not made voluntarily and, therefore, were obtained in violation of Mr. Lewis's Fifth Amendment rights.

The voluntariness of a statement "is to be judged on the totality of the circumstances" under which it is made.  Wilkerson v. United States, 432 A.2d 730, 734 (D.C. 1981), cert. denied, 454 U.S. 1090 (1981).  "A defendant's statement shall be deemed voluntary if the totality of the circumstances show it to be the 'product of an essentially free and unconstrained choice by the maker.'"  Jackson v. United States, 404 A.2d 911, 923 (D.C. 1979) (quoting Culombe v. Connecticut, 367 U.S. 568, 602 (1961)).  The totality of the circumstances surrounding Mr. Lewis's interrogations rendered his statements involuntary.  The statements are, therefore, inadmissible for all purposes, including impeachment.  Mincey, 437 U.S. at 398.

## CONCLUSION

   For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Lewis respectfully requests that this motion be granted and that the Court suppress the use as evidence of all statements allegedly made by Mr. Lewis.

                              Respectfully submitted,

                                 /s/
                              _____
                              Mary Manning Petras
                              Assistant Federal Public Defender
                              625 Indiana Avenue, N.W.
                              Suite 550
                              Washington, D.C.  20004

                              (202) 208-7500