```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :
                              :      Cr. No. 06-216 (RCL)
        v.                    :
                              :
DAMIEN J. LEWIS               :
```

### MOTION TO SUPPRESS TANGIBLE EVIDENCE
### AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. Damien J. Lewis, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all tangible objects seized from him or from the search of green Lincoln Continental on June 22, 2006. Mr. Lewis requests an evidentiary hearing on this motion. In support of this motion, counsel submits the following.

### Factual Background

Mr. Lewis is charged in a two count indictment with one count of transmitting interstate communications with intent to extort, in violation of 18 U.S.C. § 875(b), and one count of assault, in violation of 22 D.C. Code § 404. The charges arose out of an incident that allegedly occurred on June 21, 2006.

On June 22, 2006, officers of the Metropolitan Police Department stopped and arrested Mr. Lewis in the area of the 2900 block of Martin Luther King Highway. The officers also searched Mr. Lewis and a green Lincoln automobile. The officers did not

have probable cause to arrest Mr. Lewis or probable cause to search the car.

## Argument

Probable cause is an essential prerequisite to an arrest. <u>Dunaway v. New York</u>, 442 U.S. 200, 213 (1979). Mr. Lewis was arrested at the point that the police officer stopped him. At that point, the police had no information that suggested that Mr. Lewis had committed a crime. The warrantless arrest of Mr. Lewis, therefore, was unlawful. The evidence seized must be suppressed as the fruit of the unlawful arrest of Mr. Lewis. <u>Wong Sun v. United States</u>, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

The evidence also must be suppressed as a fruit of the unlawful warrantless search of Mr. Lewis and the unlawful warrantless search of the car. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are <u>per se</u> unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." <u>Katz v. United States</u>, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated

exceptions" to the warrant requirement of the Fourth Amendment. Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); Katz v. United States, 389 U.S. 347, 357 (1967). Here, the police officers did not have search warrants to search Mr. Lewis and/or the car. Because Mr. Lewis was not lawfully under arrest at the time of the searches, there is no applicable exception to the warrant requirement. Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Lewis and the car must be suppressed.

## CONCLUSION

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Lewis respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items seized from him or from the search of the car.

Respectfully submitted,

/s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500