UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA         :

                                 :      Cr. No. 06-216 (RCL)
        v.
                                 :

DAMIEN J. LEWIS                  :

                MOTION TO EXCLUDE OTHER CRIMES
        EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)
     AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. Damien J. Lewis, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 404(b), to exclude the use as evidence of any allegations of "previous abusive behavior towards Ms. Marquita Holmes and[/or] previous threatening statements directed towards Mr. Franklin Holmes."

                            Background

Mr. Lewis is charged in a two count indictment with one count of transmitting interstate communications with intent to extort, in violation of 18 U.S.C. § 875(b), and one count of assault, in violation of 22 D.C. Code § 404. The charges arose out of an incident that allegedly occurred on June 21, 2006.

In a discovery letter dated August 9, 2006, under the heading "Rule 404(b) Evidence," government counsel stated, "the government anticipates introducing evidence of your client's previous abusive behavior towards Ms. Marquita Holmes and

                                 1

<u>previous threatening statements directed towards Mr. Franklin Holmes</u>."  (Emphasis in original.)  The government has provided no additional information regarding these allegations.

Argument

I.  <u>The Proffered Evidence Is Inadmissible Evidence of Other Crimes under Federal Rule of Evidence 404(b)</u>.

In order for evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character.  <u>See</u> <u>United States v. Rawle</u>, 845 F.2d 1244, 1247 (4th Cir. 1988); <u>see also</u> Fed. R. Evid. 404(b); <u>United States v. Gaviria</u>, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing <u>United States v. Clarke</u>, 24 F.3d 257, 264 (D.C. Cir. 1994)).  To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime.  <u>See</u> <u>Rawle</u>, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted.  <u>See</u> <u>United States v. Hudson</u>, 843 F.2d 1062, 1066 (7th Cir. 1988); <u>United States v. Hogue</u>, 827 F.2d 660, 662 (10th Cir. 1987).  The evidence at issue here is not admissible pursuant to Rule 404(b), because it is both unreliable and irrelevant to any material issue other than propensity.

"In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act

2

occurred and that the defendant was the actor." Huddleston v. United States, 485 U.S. 681, 689 (1988). The government cannot introduce Mr. Lewis's alleged prior bad act unless it proffers sufficient facts for a jury reasonably to find that Mr. Lewis committed those acts. The government has presented no evidence to the Court to substantiate its assertion that Mr. Lewis abused Ms. Holmes or threatened Mr. Holmes on prior occasions. The government has not proffered when the alleged prior abusive behavior or threats occurred, what allegedly was done or said, or any evidence to connect Mr. Lewis to such behavior.

The proposed evidence also is inadmissible because is not necessary to prove any relevant material issue. The only purpose this evidence could serve would be to place Mr. Lewis's character in issue. The government has made no proffer as to any legitimate purpose for the introduction of prior bad acts. The failure by the government to offer any argument in support of the admission of this evidence exposes that the government's only purpose for introducing the evidence is to show that Mr. Lewis has a bad character. This is the very purpose for which such evidence cannot be admitted. See, e.g., Huddleston v. United States, 485 U.S. 681 (1988)(holding other crimes evidence is not admissible to show bad character and action in conformity therewith); United States v. Rhodes, 886 F.2d 375 (D.C. Cir. 1989); United States v. Hernandez, 780 F.2d 113 (D.C. Cir. 1986);

United States v. Foskey, 636 F.2d 517 (1980); United States v. Shelton, 628 F.2d 54 (1980).

III.  The Court Should Exclude the Evidence Pursuant to Federal Rule of Evidence 403 Because the Evidence Is More Prejudicial than Probative.

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact. Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264). Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded." United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

As discussed above, Mr. Lewis's alleged prior conduct is not probative of any material issue other than propensity. The lack of any probative value of the alleged prior bad acts stands in stark contrast to the severe prejudicial impact introduction of the evidence would have on the jury. Even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously committed a bad act is more likely to break the law on a subsequent occasion – the very inference that Federal Rule of Evidence 404(b) was intended to prevent. There

4

exists a grave danger that jurors in Mr. Lewis's case will lower the bar for conviction or scrutinize the facts less searchingly because they do not fear convicting an "innocent" man.

## Conclusion

For the foregoing reasons and such other reasons as may be adduced at a hearing on this matter, the Court should exclude the use of any evidence of uncharged abuse behavior toward Ms. Holmes or threats to Mr. Holmes.

Respectfully submitted,

/s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500