UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :
                               :      Cr. No. 06-216 (RCL)
       v.                      :
                               :
DAMIEN J. LEWIS                :

           MOTION TO EXCLUDE USE OF PRIOR CONVICTIONS
    AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

   Mr. Damien J. Lewis, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach Mr. Lewis should he chose to testify at trial.

## Background

   Mr. Lewis is charged in a two count indictment with one count of transmitting interstate communications with intent to extort, in violation of 18 U.S.C. § 875(b), and one count of assault, in violation of 22 D.C. Code § 404.  On August 9, 2006, the government filed a notice indicating an intent to seek to admit a 2004 conviction for "Second Degree Assault" and a 2004 conviction for "Manufacture, Sale, Possession of Controlled Substance" for impeachment purposes under Federal Rule of Evidence 609, if Mr. Lewis testifies at trial.  The government has not provided certified copies of these convictions or any statements regarding the factual basis for the convictions.

Argument

Federal Rule of Evidence 609 provides:

> (a) General rule.  For the purpose of attacking the credibility of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
> (b) Time limit.  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determine, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.  However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Although the rule permits the use of prior felony convictions, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the

prejudicial effect to the accused.  Notably, Rule 609, unlike Federal Rule of Evidence 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, requires the opposite -- that the probative value of the conviction outweigh the prejudicial effect.  In this case, the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the proffered offense outweighs the inevitable prejudicial impact.  See United States v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.").

    The government has not provided certified copies of the alleged convictions or demonstrated that these were, in fact felony convictions.  Moreover, the government has provided no proffer as to the circumstances of the alleged prior convictions nor any argument as to why the nature of the convictions alone demonstrates the probative value.  Thus, the government has failed to meet its burden and the convictions should be excluded because the probative value of these convictions does not outweigh the prejudicial effect that disclosing the nature of the convictions would provide.

<u>Conclusion</u>

For the foregoing reasons and such other reasons as may be presented at a hearing on this motion, Mr. Lewis respectfully moves this Honorable Court to exclude the use of the evidence of the prior convictions proffered by the government.

Respectfully submitted,

/s/

_____
Mary Manning Petras
Assistant Federal Public Defender

625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20001
(202) 208-7500