```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :

                               :    Cr. No. 06-216 (RCL)
      v.
                               :

DAMIEN J. LEWIS                :
```

MOTION TO DISMISS FOR VIOLATION OF DUE PROCESS
<u>AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>

Mr. Damien J. Lewis, the defendant, through undersigned counsel, respectfully moves this Honorable Court to sanction the government by dismissing the indictment with prejudice or, in the alternative, by excluding the testimony of Ms. Marquita Holmes. Sanctions are warranted because the government has violated Mr. Lewis's Fifth Amendment right to Due Process by instructing Ms. Holmes not to speak to the defense and thereby obstructing Mr. Lewis's ability to investigate the charges against him. <u>See</u> <u>Gregory v. United States</u>, 369 F.2d 185 (D.C. Cir. 1966), <u>cert</u>. <u>denied</u>, 396 U.S. 865 (1969).

Factual Background

Mr. Lewis is charged in a two count indictment with one count of transmitting interstate communications with intent to extort, in violation of 18 U.S.C. § 875(b), and one count of assault, in violation of 22 D.C. Code § 404.  The charges arose out of an incident that allegedly occurred on June 21, 2006.  The government alleges that Mr. Lewis extorted Franklin Holmes, the father of Marquita Holmes, who was involved in a relationship

with Mr. Lewis at the time. According to the government witnesses, Ms. Holmes was with Mr. Lewis when the telephone calls at issue allegedly were made.

On October 3, 2006, Ms. Sarah Berman, an investigator with the Federal Public Defender's Office who was working on behalf of Mr. Lewis, spoke to Ms. Holmes. Ms. Holmes told Ms. Berman that her attorney had told her not to speak to representatives from the defense. Ms. Berman asked Ms. Holmes who her attorney was and Ms. Holmes stated, "Alex Shawe." To clarify, Ms. Berman then asked, "Alex Shawe told you not to talk to me?" Ms. Holmes responded, "Yes." See Attachment A (Affidavit of Sarah Berman).

Alexander Shawe is an Assistant United States Attorney. Mr. Shawe represented the government in this matter until October 17, 2006, when the government filed a Notice of Substitution of Counsel.

ARGUMENT

The Due Process Clause of the Fifth Amendment to the United States Constitution guarantees Mr. Lewis the right and opportunity to interview witnesses. See Gregory, 369 F.2d at 188. Mr. Shawe's instruction to Ms. Holmes is "unquestionably a suppression of the means by which the defense could obtain evidence" and thus a direct violation of Mr. Lewis's right to a fair trial. Gregory, 369 F.2d at 188-89. The prosecution and defense each have an equal right to interview witnesses. See Id.

The prosecution must not advise a witness not to speak with the defense.  <u>See</u> <u>Id</u>.  "'A state official, acting under color of his authority, cannot obstruct defense counsel from interviewing a willing witness.'" <u>United States v. McDougald</u>, 350 A.2d 375, 377 377 (D.C. 1976) (<u>quoting</u> <u>Coppolino v. Halpern</u>, 266 F.Supp. 930 (S.D.N.Y. 1967)).  Governmental action that has the effect of denying the defense the opportunity to interview witnesses, including instructing a witness not to speak with defense counsel, violates the Fifth Amendment.  <u>See</u> <u>Gregory</u>, 369 F.2d at 189.  <u>See also</u> <u>In the Matter of B.L.B.</u>, 432 A.2d 722, 724-26 (D.C. 1981); <u>United States v. McDougald</u>, 350 A.2d 375, 376-78 (D.C. 1976); <u>United States v. Felt</u>, 502 F.Supp. 71, 72-73 (D.D.C. 1980).

Mr. Shawe's instructing the witness not to speak with the defense constitutes governmental action.  This action violates Mr. Lewis's right to due process.  This violation cannot be corrected.  Even if the witness were now instructed that she is free to speak to anyone she chooses, she now knows that the government does not want her to speak to the defense and will be influenced by the government's violation.

<u>CONCLUSION</u>

For the foregoing reasons and such other reasons as may be presented at a hearing on this motion, Mr. Lewis moves this

Honorable Court to dismiss the charges against him as a sanction for the government's violation of his constitutional right to due process, or, in the alternative, to exclude the government's use of Ms. Holmes as a witness at trial.

                        Respectfully submitted,

                            /s/
                        _____
                        Mary Manning Petras
                        Assistant Federal Public Defender
                        625 Indiana Avenue, N.W.
                        Suite 550
                        Washington, D.C.  20004

                        (202) 208-7500