UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL No.: 06-216 (RJL) |
| | ) | |
| DAMIEN LEWIS | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF DUE PROCESS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to Defendant's Motion to Dismiss for Violation of Due Process ("Defendant's Motion"). In support of this opposition, the Government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**I.      FACTUAL BACKGROUND**

Defendant Damien Lewis was charged by the Grand Jury in a two-count indictment with Interstate Communications With Intent to Extort, in violation of 18 U.S.C. § 875(b), and Simple Assault, in violation of 22 D.C. Code § 404. This indictment arose out of Defendant's criminal conduct which occurred on or about June 21, 2006. Government counsel expects the evidence for these charges to demonstrate substantially that Defendant assaulted Marquita Holmes, whom Defendant had dated off and on since June 2005, and that he attempted to extort money from the father of Ms. Holmes, Franklin Holmes. Defendant was arrested the morning of June 22, 2006, by FBI agents. He has been held without bond since the date of his arrest.

## II.   ARGUMENT

In his motion, Defendant claims that on October 3, 2006, a Ms. Sarah Berman, an investigator employed with the Federal Public Defender's Office, spoke to Marquita Holmes, and that during that conversation, Ms. Holmes told Ms. Berman that Assistant United States Attorney Alexander Shawe ("AUSA Shawe") "told [Ms. Berman] not to speak to representatives from the defense." Defendant's Motion, at 2.[1]  Defendant's motion is without merit and therefore should be denied.

### A.   The Prosecutor Never Told The Witness Not To Speak With The Defense.

Subsequent to the filing of Defendant's Motion to Dismiss, which, curiously, did not occur until December 22, 2006, almost three months after the occurrence of the alleged incident about which Defendant now complains, undersigned Government counsel contacted AUSA Alexander Shawe and inquired about what if any representations he made to Marquita Holmes concerning her ability to speak with any defense representatives about the instant case. AUSA Shawe categorically denied having advised Marquita Holmes that she was not to speak with any "representatives from the defense" in this case. To the contrary, AUSA Shawe stated that he advised Ms. Holmes, as well as her parents, Franklin and Delores Holmes, that each was free to speak with the defense about the case, if they wished to do so. This constituted a correct statement of the law. See United States v. Black, 767 F.2d 1334, 1338 (9th Cir. 1985). Further, AUSA Shawe stated that at no point during the handling of this case did he advise or otherwise

---

[1] AUSA Shawe was the prosecutor previously assigned to the instant case. On or about October 17, 2006, the Government filed a notice of substitution of counsel, and Mr. Shawe withdrew from the case. The case is now being prosecuted by the undersigned AUSA, Donnell Turner.

suggest to Marquita Holmes or any other witness connected with the case that they could not or should not speak with the defense about the case.

In addition, on January 4, 2007, undersigned Government counsel spoke with Marquita Holmes by telephone. During this conversation, Ms. Holmes was asked whether AUSA Shawe had said anything to her regarding whether she could speak with the defense about the case. Ms. Holmes advised that AUSA Shawe told her that it was her decision to make whether she wished to speak with the defense.[2] Further, when asked whether she had ever actually told the investigator that AUSA Shawe advised her not to talk to the investigator, Ms. Holmes acknowledged that she had in fact made this statement, but she reiterated that AUSA Shawe never gave her this advice, but that she made the statement on her own because she personally decided that she did not wish to speak with the investigator. Under these circumstances, there was no violation of Defendant's due process rights. Indeed, "[t]he law is clear that the Sixth and Fifth Amendments are not violated when a prospective witness on his or her own initiative refuses to speak to defense counsel." In re J.W., 763 A.2d 1129, 1134 (D.C. 2000). See also Khaalis v. United States, 408 A.2d 313, 336-39 (D.C. 1979) (upholding trial court's ruling that witness could not be cross-examined about his personal decision not to speak with defense counsel); United States v. McDougald, 350 A.2d 375, 378 (D.C. 1976) ("Even though it may be the policy of the law to encourage equal access to witnesses, the law does not require such access

---

[2] Moreover, on December 29, 2006, undersigned Government counsel also spoke with potential witness Delores Holmes by telephone. During this conversation, Ms. Holmes stated unequivocally that AUSA Shawe advised her that she, her daughter, and her husband could freely speak with the defense, if they so chose. Ms. Holmes added that AUSA Shawe never told her or, to her knowledge, anyone within her family, that they could or should not speak with the defense about the case. Moreover, Ms. Holmes advised that, in fact, she recently had spoken to a defense investigator about the case. She stated, however, that both Marquita and Franklin Holmes elected not to speak with the investigator although the investigator asked them to do so.

where witnesses for private reasons and absent government interference refuse to discuss the case with defense counsel."). In sum, because AUSA Shawe did not tell Marquita Holmes that she was not to speak with defense representatives in this case, but, instead, Ms. Holmes privately decided that she did not wish to speak with the defense investigator, no violation occurred. Therefore, Defendant's motion should be denied.

### B. Dismissal Of The Case Is Not Warranted.

Defendant further argues in his motion that, given the alleged violation, dismissal of the case is necessary because "th[e] violation cannot be corrected." Defendant's Motion, at 3. By way of explanation, Defendant avers that "[e]ven if the witness were now instructed that she is free to speak to anyone she chooses, she now knows that the government does not want her to speak to the defense and will be influenced by the government's violation." Defendant's contention is wholly without merit. Assuming that Defendant's assertion that a violation occurred here were true, Defendant points to no facts supporting his claim that Marquita Holmes would then be "influenced by the government's violation" to such an extent that she could not be made to understand that it is entirely within her right to speak with anyone about the case whom she so chooses. As discussed above, Ms. Holmes clearly knows and understands this much already. Furthermore, even if the Court were to find that a violation of the sort alleged by Defendant did occur here, there is no legal basis to support a dismissal of the case. Indeed, defendant in his motion fails to cite any legal authority to support his contention that dismissal is appropriate. See, e.g., Gregory v. United States, 369 F.2d 185, 187-89 (D.C. Cir. 1966) (holding that prosecutor violated due process by advising witnesses in the case not to speak to anyone unless he were present; case remanded for new trial). Consequently, Defendant's motion should be denied.

WHEREFORE, for the foregoing reasons, Defendant's motion is without merit, and therefore should be denied.

                Respectfully submitted,

                JEFFREY A. TAYLOR (D.C. Bar No. 498610)
                United States Attorney
                Bar No. 498610

By:     /s/_____
                DONNELL W. TURNER (Maryland Bar)
                Assistant United States Attorney
                Federal Major Crimes Section
                United States Attorney's Office
                555 Fourth Street, N.W., Room 4235
                Washington, D.C. 20530
                (202) 305-1419
                (202) 514-6010 (fax)

-6-

CERTIFICATE OF SERVICE

     I hereby certify that on this 4th day of January, 2007, a true and correct copy of the above and foregoing GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was served on the following by First Class Mail, postage pre-paid, upon:

        MARY PETRAS, ESQUIRE
        625 INDIANA AVE., N.W.
        SUITE 550
        WASHINGTON, D.C. 20004


        _____/s/_____
        Donnell W. Turner
        Assistant United States Attorney