UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA         :

                                         :   Cr. No. 06-216 (RCL)

    v.                        :

DAMIEN J. LEWIS                  :

**DEFENDANT'S SENTENCING MEMORANDUM**

On January 12, 2007, Mr. Damien Lewis, the defendant, pled guilty to one count of interstate communications with intent to extort. He will appear before this Honorable Court for sentencing on April 13, 2007. The government has agreed not to oppose a sentence of 30 months incarceration, the lowest end of the applicable sentencing range under the United States Sentencing Guidelines.

**Factual Background**

Mr. Lewis is only 23 years old, and he has been living on his own since he was 15 years old. He was born in Prince George's County, Maryland, where he lived with his parents. When he was in the first grade, his mother died suddenly. She was only 28 years old. Mr. Lewis was told that his mother died of "natural causes," but was never told the exact cause of death. A short time after his mother's death, his paternal grandmother died.

Despite the traumatic loss of his mother, Mr. Lewis was able to continue to do well in grade school and middle school. Because he is intelligent and learned very quickly, he was able to skip the fourth grade and, later, the eighth grade.

His home life, after the death of his mother, however, was extremely difficult. Prior to the death of his mother and grandmother, Mr. Lewis's father was a wonderful and caring father. After their deaths, he grieved deeply, but still took good care of Mr. Lewis. Unfortunately, a few years after the death of his mother, his father suffered a seizure and lapsed into a coma. His father regained consciousness, but spent a significant period of time in a rehabilitation center. When his father returned home, he was a different man. He suffered from memory loss and did not remember that his wife and mother had died. When he learned of their deaths, he grieved for a second time. In addition to the memory loss, his father had a dramatically changed personality. He became angry, distant and neglectful, and he was emotionally and physically abusive to Mr. Lewis.

As a very young boy, in order to cope with the loss of his mother and later the change in his father, Mr. Lewis turned to marijuana. He started smoking marijuana when he was ten years old. He smoked almost every day until he was twenty years old. As he got older, he started using other drugs including ecstasy.

When he was fifteen, Mr. Lewis decided that he no longer wanted to live with his father's abuse. He moved from his father's house to the home of his girlfriend. He has not seen or spoken to his father in more than six years.

In high school, as the problems with his father grew worse and then he left home, his grades dropped. Nonetheless, he managed to graduate from Largo High School in 2000, when he was sixteen years old.

Mr. Lewis became a father for the first time when he was seventeen.

After his high school graduation, he attended Prince George's Community College for two semesters, but found it too difficult to attend school and support his family. Over the next several years, he worked at several jobs – as a manager for Jerry's Subs, as a cellular phones salesman for Swift Communications, as a clerk for Cherry Hill Photo Enterprises, as a laborer for Eugene Franks, Inc., as a special police officer with US Security Associates at Giant Foods, as a clerk for Accu-Clean Inc., and as an auto detailer for Streamline Auto. He continued, however, to struggle to support himself and his family.

When he was nineteen years old, in Prince William County, Virginia, he was convicted of possession of cocaine and contempt for failing to appear in court. He was given a ten day sentence

for the contempt charge and a suspended sentence for the cocaine charge, and was placed on a period of probation.  A short time later, he was convicted of second degree assault in Prince George's County, Maryland, and sentenced to five years in jail, with four years and 251 days suspended.  He has no other prior convictions.

Mr. Lewis was arrested for the charged offense on June 22, 2006, and has been held without bond since that date.  The charge arose out of an incident that began when Mr. Lewis and his girlfriend made telephone calls to his girlfriend's father, seeking to obtain money.  The telephone calls escalated and Mr. Lewis crossed a line that he never intended to cross.  He recognizes that his conduct was inexcusable.

He now has been held without bond for more than nine months.  During this time, he has suffered from severe depression.  The doctors at the Central Treatment Facility, where he is detained, proscribed anti-depressants, which he took for several months.

Most recently, he has been studying – and practicing daily – Kundalini yoga. As defined by Wikapedia.com, "Kundalini yoga is a physical and meditative discipline, comprising a set of simple techniques that uses the mind, sense and body to create a communication between 'mind' and 'body'.  Kundalini yoga focuses on psycho-spiritual growth and the body's potential for maturation, giving special consideration to the role of the spine

and the endocrine system in the understanding of yogic awakening."  Mr. Lewis has found that this form of yoga helps him cope with the stressful aspects of his life and any feelings of anger.  This practice has also reduced his depression, such that he is no longer taking the anti-depressant medication.

### Argument

As the Presentence Investigation Report accurately states, the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") is 30 to 37 months.  Under the post-<u>Booker</u> sentencing regime, the Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).  <u>United States v. Booker</u>, 543 U.S. 220 (2005).  These factors include:  "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense."  18 U.S.C. 3553(a).

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational

or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a). When considering the sentencing range recommended by the Guidelines, the Court must "evaluate how well the applicable Guideline effectuates the purposes of sentencing enumerated in § 3553(a)." United States v. Pickett, 475 F.3d 1347, 1353 (D.C. Cir. 2007).

Here, a review of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) demonstrates that a sentence of no more than the lowest end of the applicable Guidelines range, 30 months, would appropriately effectuate the purposes of sentencing. Here, the Guideline range adequately takes into consideration the nature of the offense and Mr. Lewis's history and background. As the government agrees, no more than a sentence of 30 months is necessary to effectuate the purposes of sentencing.

## **Conclusion**

For the foregoing reasons and such other reasons as may be presented at the sentencing hearing, Mr. Lewis respectfully moves this Honorable Court to impose a sentence of no more than 30 months, the lowest end of the applicable Guidelines range.

Respectfully submitted,

/s/
_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500